### Perkins' Petition

*Homer L. Kreider* and *Victor Braddock*, for petitioner.
*William S. Middleton*, for respondent.

Fox, J., January 20, 1937.—In this case upon petition a rule was granted upon the Capital Bank & Trust Company, Harrisburg, Pa., substituted guardian of the estate of Mary Taylor Farnham, to show cause why it should not pay to Clara Frankem Perkins, trustee of the estate of Emily K. Frankem, deceased, the sum of $40 per month from the said minor's estate until further order of the court, and why the said sum paid by the guardian to the trustee should not be applied by the latter on account of

the said minor's proportionate share of the taxes, interest, water rent, fire insurance premiums, necessary repairs and other carrying charges on the said real estate, 6 South Fourth Street, Harrisburg, Pa., the interest of the minor in the said estate being an undivided one third.

To this rule an answer was filed by the guardian, which answer admits the averments in the petition, but avers that, while it is sympathetic, it doubts whether it has legal authority to pay "a reasonable sum from the fund which the guardian has received and will continue to receive from the insurance company for the use and benefit of the said minor, to assist in defraying the expenses such as taxes, interest, insurance premiums, and other carrying charges on said premises", for the reason that it, after a thorough and searching investigation, does not believe that the present value of the real estate aforesaid is any greater and very likely will not be as great as the total amount of the three mortgages, aggregating $16,000, which are liens on the said real estate, the guardian being of the opinion that the value of the same does not exceed "twelve to fourteen thousand dollars," and that the property is situate in a section of the city which is becoming less desirable for business purposes and therefore less valuable.

Depositions were taken of which the guardian has full knowledge.

No authority has been cited for us to direct the guardian of the minor's estate to pay for the above-mentioned purpose when such payment is contrary to the judgment and opinion of the guardian. Doubting our jurisdiction, we are of the opinion that the rule should be discharged.

And now, January 20, 1937, upon due consideration, the rule is discharged.